*G. S. Orth*, *J. Pettit*, and *S. A. Huff*, for the defendants.

---

### THE INDIANA MUTUAL FIRE INSURANCE COMPANY *v.* CHAMBERLAIN and Others.

Bill in chancery by the *Indiana Mutual Fire Insurance Company* against the heirs of *C.* and a terre-tenant, to subject certain real estate, which *C.* had insured, and which had descended to his heirs, to the payment of the premium note given to said company by *C.* The bill showed that at the time of *C.'s* death, nothing was due on the note. *Held*, that the bill would not lie.

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—Bill in chancery by the *Indiana Mutual Fire Insurance Company*, against the heirs of *John C. Chamberlain*, deceased, and a terre-tenant, to enforce the lien and payment of a premium note against real estate insured. The bill shows that the insurance was effected by *Chamberlain* on the first of *March*, 1839; that in the fall of the same year he died, nothing being then in arrear on this premium note to the Insurance Company; that the assessments, the non-payment of which forfeited the premium note, were made for losses which happened nearly a year subsequent to the death of *Chamberlain;* and that the real estate insured has descended to his heirs. The Circuit Court dismissed the bill, on demurrer, for want of equity.

If this bill can be sustained, it must be upon one of two grounds; either that the lien of this premium note continues to adhere to the property insured in the possession of the heirs; or that the heirs, by virtue of the proviso to the

fifteenth section of the charter of the company, have themselves become members of said company, by procuring the policy to be "ratified and confirmed to them."

That the lien of the premium note does not continue upon the property in the hands of alienees, is decided by the case of *M'Culloch* v. *The Ind. Mut. Fire Ins. Co.*, at the present term of this Court; and we are satisfied upon a full examination, that heirs, by the spirit and meaning of the original charter, are placed upon the same footing with alienees; that though not technically, yet within the intent of the charter, descent is an alienation, and that thereby the lien of the insurance upon the property is divested.

As to the second ground, it is not pretended that these heirs have procured a confirmation of the policy to themselves. We think the heirs have nothing to do with this matter. It is our opinion that the personal representative of the deceased might, under the fifteenth section of the charter, surrender the policy to the company to be cancelled, unless an assignment of it was claimed by the heirs; and that he might be liable, in his representative capacity, to pay arrearages due thereon as a debt of the intestate. If the heirs chose to have an assignment of the policy, we think they would have been entitled to the same as alienees, in order that it might be ratified to them.

The Court committed no error in dismissing the bill.

*Per Curiam.*—The decree is affirmed with costs.

*G. S. Orth*, for the appellants.

*J. Pettit* and *S. A. Huff*, for the appellees.